## Joseph Valentine *versus* Benjamin S Farns-worth *et ux.*

In an action by a surviving partner against the heir of his deceased partner, upon a bond given by the deceased to indemnify the plaintiff against the payment of any sum of money due from the firm, the plaintiff offered in evidence a judgment recovered against him as surviving partner, in an action in which the heir took upon himself the defence. It was *held*, that the judgment was conclusive against the heir, unless he could show that it had been recovered through the fraud or collusion of the plaintiff ; and consequently, that evidence was inadmissible to show on what grounds the judgment had been recovered, or to show that the defence of the statute of limitations had been avoided by an acknowledgment of the debt, made by the plaintiff many years after the dissolution of the partnership.

The plaintiff, one of two copartners, received payment of a note due to the firm, and gave a receipt to the maker, promising to deliver up the note on demand. On the dissolution of the partnership the plaintiff assigned to his copartner his interest in the demands due to the firm, and took from him a bond of indemnity against the payment of any sum due from the firm. Several years afterward the obligor, without the knowledge of the maker of the note, recovered a judgment on the note, in the names of himself and the plaintiff, and levied on land, and the plaintiff released to him his title under the levy. The maker of the note afterward recovered a judgment on the receipt, against the plaintiff as surviving partner. In an action on the bond, against the heir of the obligor, it was *held*, that if the plaintiff knew that the judgment obtained by the obligor was founded on the note which had been paid, still his releasing his title in the land levied on did not prove his participation in the fraud of the obligor in recovering such judgment.

In an action against an heir, brought after the remedy against the administrator was supposed to be barred by the lapse of four years from his appointment and legal notice of the appointment, the declaration averred that the administrator gave notice in the manner directed by the judge of probate by his order remaining on record, instead of averring that he gave the notice required by the statute ; but it appeared that the notice ordered was in fact the same as that prescribed by the statute, and the administrator's affidavit on record showed that the order had been complied with. It was *held*, that the mistake was a defect of form only, and after verdict the plaintiff was allowed to amend, and without paying costs, by averring that the administrator gave the notice required by the statute.

Debt on a bond given by Samuel Valentine, deceased, to the plaintiff, for the penal sum of $5000, dated June 1, 1801. The declaration alleges that the female defendant is one of the heirs at law of Samuel Valentine.

The condition of the bond (after reciting that Samuel and Joseph Valentine entered into copartnership in trade on the 1st of June, 1798, and have, on June 1, 1801, dissolved the partnership and divided the profits of their business in such manner that Samuel engages to pay, take up and discharge all

the debts, obligations and contracts entered into by the firm)
provides, that Samuel shall indemnify Joseph against and dis-
charge him from all the debts that were contracted with every
and all persons during their connexion in business, so that
Joseph shall be saved harmless and secured against the pay-
ment of any sum or sums of money due from Samuel and
Joseph, under the firm, to their creditors.

The declaration sets forth the condition of the bond, — the
decease of the obligor, — the descent of assets, — the appoint-
ment of an administrator, averring that he gave notice of his
appointment, — the lapse of four years thereafter, during which
the bond was not filed in the probate office according to the
provisions of *St.* 1788, *c.* 66, — the rendition of a judgment
in this Court at Worcester, in 1833, against the plaintiff as
surviving partner, in favor of John C. Sheffield, — and the
satisfaction of the judgment by the plaintiff.

The defendants filed as specifications of defence, 1. That
the plaintiff had not been damnified. 2. That if damnified,
it was of his own wrong. 3. That no cause of action had
accrued to Sheffield within six years previous to the com
mencement of his action at Worcester.

At the trial, evidence was introduced, that the firm of Sam
uel and Joseph held a note of Sheffield for $460 ; that he
paid the amount of it to the plaintiff in October, 1800 ; that
the plaintiff, not having the note with him, gave Sheffield a
receipt in the name of the firm, as follows ; Boston, Oct.
8, 1800. Received of Chester Sheffield four hundred and
sixty dollars, for a note of hand signed by said Sheffield,
dated October 20, 1799, which I promise to deliver to him
when applied for ; that Sheffield went to North Carolina in
the same year, and was not heard from until 1819 or 1820,
when a letter was received from him ; that in 1815 Samuel
recovered judgment, in the names of himself and Joseph,
against Sheffield, for the sum of $863·81, on the note above
mentioned and another note for $76 ; that the judgment was
satisfied to the amount of $734 by levying on land in Hop-
kinton belonging to Sheffield ; that the execution was re-
corded by the plaintiff as register of deeds for Hopkinton
and Upton lands ; that n 1818, the plaintiff was repeatedly

requested to release his title to the land, to Samuel, which ne refused to do, until in 1821, in pursuance of an award of arbitrators, to whom the question was referred, he gave a quit-claim to Samuel, for the consideration of $10 ; that Sheffield having, in 1819, been informed of the levy, wrote letters to his brother in 1820, 1821, and 1822, stating that the note for $460 had been paid by him, and desiring his brother to ascertain on what terms the Valentines would settle with him ; that Samuel died in 1823, and that Lawson Valentine took out letters of administration on his estate on the 4th of March in the same year ; that in 1832, Sheffield brought an action against the plaintiff, founded on the receipt of October 8, 1800 ; that the plaintiff gave notice of the claim to Matthew Metcalf, who was the third administrator on the estate of Samuel, and requested him to have the demand settled ; that Metcalf informed the mother and guardian of Mrs. Farnsworth, then Eliza Valentine, a minor, one of the children and heirs of Samuel, of the demand, and the guardian wished him to do the best he could with it ; that he employed counsel to defend the suit and directed them to plead the statute of limitations, and informed the guardian of all the circumstances in the case as they occurred ; and that in 1833 Sheffield recovered a judgment for $817·26, which was satisfied by the plaintiff.

The defendants objected to the admission of the judgment in favor of Sheffield, as not tending to prove any debt due, within the meaning of the bond from Samuel to the plaintiff ; and because all claim under the plaintiff's receipt was barred by lapse of time from 1800 to 1832, before any demand was made for the note of $460 ; and because the suit and levy upon the land of Sheffield in 1816 was a breach of the condition of the receipt of 1800, and all claim by virtue of that receipt was barred by lapse of more than six years from that time, and especially by the lapse of more than six years after that suit and levy came to the knowledge of Sheffield, in 1821, and the demand for a settlement made on Joseph and Samuel Valentine by Sheffield, through his agent, at that time ; and because all claim under the receipt having been barred by lapse of time, and the judgment at Worcester having been recovered on the acknowledgments of the plaintiff, he could not

revive the claim against the heirs of his former partner by his own acknowledgments made more than thirty years after the dissolution of the copartnership. But the judge overruled the objection and admitted the evidence.

The defendants also requested the judge to instruct the jury, that if the plaintiff knew, at the time when he conveyed to Samuel the land levied upon, that the execution was obtained upon the note paid in 1800, he by that conveyance so far participated in the fraud, that he was not entitled to recover in this action. But the judge refused so to instruct the jury, and he instructed them that under the circumstances supposed the plaintiff was entitled to recover.

The jury returned a verdict for the plaintiff, and the defendants moved for a new trial on account of the rulings and instructions of the judge.

The defendants also moved in arrest of judgment, because the declaration did not allege that the first administrator on the estate of Samuel Valentine gave notice of his appointment, in the manner required by the statute. It avers that he gave notice in the manner directed by the judge of probate, by his order remaining of record ; and that mode in fact coincided with the mode prescribed by the statute. The plaintiff therefore moved to amend his declaration, by averring that notice was given pursuant to the statute.

*Farley* and *Walcott*, for the defendants, insisted that the plaintiff did not show any debt due from the firm, within the meaning of the bond of indemnity.

All claim under the receipt was barred by lapse of time before Sheffield made a demand for his note. The question, whether after the dissolution of a partnership, one partner can by his acknowledgment take a demand out of the statute of limitations, as against his copartner, has been decided differently by different courts. But suppose that in this Commonwealth such an acknowledgment will take the case out of the statute, in favor of the creditor, that is not the point now under consideration. Here the plaintiff holds his copartner's bond of indemnity against partnership debts, and by his own acknowledgment of a debt which was barred, he takes away his copartner's defence ; and the question is, whether he shall

*Valentine*
*v.*
*Farnsworth*

*Oct. 17th.*

Valentine
v.
Farnsworth.

receive an indemnity against the consequences resulting from this abuse of his legal power.

The plaintiff knew of the fraud practised by Samuel, in recovering the judgment against Sheffield and levying on his land, and by giving Samuel the release of the land the plaintiff so far participated in the fraud as to deprive him of a right to recover in this action.

*Hoar* and *Josiah Adams*, *contrà*, contended that in the absence of fraud and collusion on the part of the plaintiff, the judgment rendered in favor of Sheffield was conclusive of the plaintiff's right to recover on the bond of indemnity, inasmuch as the defendants had notice of the suit and took upon themselves the defence. *Trustees of Newburgh* v. *Galatian*, 4 Cowen, 340 ; *Duffield* v. *Scott*, 3 T. R. 374 ; *Kip* v. *Brigham*, 6 Johns. R. 158, and 7 Johns. R. 168 ; *Tarleton* v. *Tarleton*, 4 Maule & Selw. 20.

*Jan. 30th,*
*1839,*
*at Boston.*

In support of the motion in arrest, *Farley* and *Walcott* said that the plaintiff could not have his remedy against an heir, without showing in his declaration that no suit could be maintained against the administrator ; *Hall* v. *Bumstead*, 20 Pick. 2 ; that an action against an administrator is barred by the lapse of four years, only in case notice of his appointment has been given by posting up notifications in public places in the town where the deceased was resident, and further notice by publishing the same in a newspaper or in such other manner as the Court of Probate shall, in writing, direct ; *St.* 1788, *c.* 66, § 1, 3 ; that this declaration avers only that notice was given in the manner directed by the judge of probate ; and that consequently it does not appear that an action might not have been maintained by the plaintiff against the administrator.

*March 6th,*
*1839,*
*at Boston.*

*Hoar*, in support of his motion to amend, said that the declaration avers that notice was given by the first administrator, according to the order of the judge of probate, and refers to the record ; that it appears by the record, that the judge of probate directed the statute notice ; that the administrator's affidavit, on record, shows that he had posted up notifications in pursuance of the order ; that the mistake in the declaration was a defect of form merely, from which the defendants had not suffered any injury ; and that the Court had authority and

would be disposed to grant the amendment, and this without imposing terms on the plaintiff. Revised Stat. c. 100, § 21, 22, 23 ; *Smith* v. *Fuller,* 1 Ld. Raym. 116 ; 2 Wils. 147, cites *Smith* v. *Ledbury ; Bp. of Worcester's Case,* 1 Salk. 48 ; *Vicars* v. *Haydon,* Cowp. 841 ; *Thatcher* v. *Miller,* 11 Mass. R. 413, and 13 Mass. R. 270.

*Walcott* argued that under the circumstances of this case the amendment ought not to be allowed at all, and certainly not without terms.

SHAW C. J. delivered the opinion of the Court. A verdict in this case having been returned for the plaintiff, a motion has been made by the defendants to set the verdict aside and grant a new trial, and also a motion in arrest of judgment, for several causes assigned in the respective motions.

At the trial the defendants objected to the admission of the judgment of Sheffield against the plaintiff, on the ground that it could only have been rendered in consequence of some confessions or admissions, made by the plaintiff himself, to avoid the bar of the statute of limitations, and that therefore he ought not to avail himself of such judgment, in his own suit against the heirs of Samuel. But the Court are of opinion, that the objection was rightly overruled, and the judgment properly admitted. The action was on a bond of indemnity against all partnership debts ; the judgment in question was upon a partnership debt, against the plaintiff as survivor. It was exactly therefore such a judgment as the bond was intended to indemnify him against. It was necessary for him to show that such a copartnership demand was enforced against him under the compulsion of a judgment.

Further, when the plaintiff was sued by Sheffield, on an instrument purporting to be the joint obligation of Samuel and Joseph Valentine, it appears, or there was at least evidence for the jury tending to show, that Joseph Valentine gave notice of the suit to Matthew Metcalf, who was then the administrator of the estate of Samuel Valentine, that he Metcalf gave the like notice to the mother and guardian of the defendant Mrs. Farnsworth, then Eliza Valentine, one of the daughters and heirs of Samuel Valentine, that she, the guardian, requested Mr. Metcalf to do the best he could with it, that upon this

request, he did undertake to defend the suit, and that Joseph Valentine the plaintiff gave up the defence to him, and he retained counsel for the purpose. The Court are all of opinion, that this was evidence proper for the consideration of the jury, and if these facts were proved to their satisfaction, the judgment in that suit must be deemed conclusive upon the defendants, of the validity and correctness of the judgment itself, and that it was not competent for the defendants to question it, upon any other ground than collusion or fraud. If however the defendants could prove any fraudulent collusion, between the plaintiff and Sheffield, to enable the latter to recover a false, wrong or erroneous judgment against him, it would be admissible and would bar him of any claim to indemnity on his bond. On this point the burden of proof was upon the defendants.

From the opinion already stated it follows as a necessary consequence, that it is not competent for the defendants to go into evidence to show on what grounds the judgment of Sheffield was recovered, or to show that the defence of the statut of limitations was avoided in that suit, by proof of the confessions or admissions of the plaintiff from which a new promise might be inferred.

Another exception was, that the defendants requested the Court to instruct the jury, that if the plaintiff knew, at the time that he released the land levied upon as Sheffield's, in the suit brought in the joint names of Samuel and Joseph Valentine, to his brother Samuel, that the execution so levied was obtained upon the note paid in October 1800, it would be evidence of his participation in that fraud of Samuel, and bar him from recovering in this action. But the judge, under the circumstances of the case, refused to give the instruction requested. We are of opinion that this decision was correct. The judgment had been recovered and the land levied on, in their joint names, but pursuant to the agreement at the time of dissolution, Joseph then conveyed to Samuel all partnership debts and claims ; he thereby authorized Samuel to commence and prosecute suits in their joint names, but for his own sole benefit. Joseph could not control him in the exercise of this power, and when judgment was recovered, and execution

levied, Joseph was a mere trustee for Samuel, of the land levied upon, and was bound to release it on request. Indeed, according to the evidence, the release was made in pursuance of an award, he having for a long time refused to execute the release. Under these circumstances, the release thus made was not evidence of a participation of Joseph in the fraud of Samuel in obtaining that judgment.

The motion for a new trial is overruled.

The motion in arrest of judgment, although it assigns several distinct causes, sets forth substantially but one.

It is now well settled, that the right of action against an heir, is a very limited one, and depends wholly upon the provisions of the statutes. *Hall, Judge,* v. *Bumstead,* 20 Pick. 2. By the statute no action lies against an heir, unless the cause of action accrues after the time for bringing an action against the administrator has closed. It is therefore necessary to show matter enough in the declaration, to make it manifest, that the right of action against the administrator had closed, when this action was commenced. By *St.* 1791, *c.* 28, § 2, no action can be brought after the expiration of four years from the time of administration first taken, provided that the administrator have given notice of his appointment in the manner prescribed in *St.* 1788, *c.* 66, viz. " by causing notifications thereof to be posted up in some public places, &c., and shall also give such further notice thereof by causing the same to be published in some newspaper, or in such other manner as the Court of Probate shall in writing direct."

The plaintiff therefore must show that such notices were given, in order that the term of time may commence, upon the lapse of which the right of action against the administrator is barred.

In the present case, it being averred that the cause of action arose upon the rendition of the judgment against the plaintiff at Worcester, at a certain time fixed, it would follow as a necessary inference, that the right of action against the administrator was then barred by force of the statute, if the notices had been given according to its terms. Such averment therefore becomes material.

The plaintiff, in his declaration, did aver, that the adminis-

Valentine
*v.*
Farnsworth

trator gave notice in the manner ordered and directed by the judge of probate, by his order remaining of record, but did not aver the posting of notices, which is required by the statute, together with such other notice as the judge of probate may order.

Before it was decided whether this defect would be fatal or not, the plaintiff moved to amend his declaration after verdict, by adding such an averment. In support of this motion it was shown, that soon after the first administrator on the estate of Samuel Valentine was appointed, an order was passed by the judge of probate, in the form which has long been practised in the Probate Court, directing the administrator to give notice of his appointment, *by posting notices* in public places, and by publishing in a newspaper. It also further appears, that the affidavit which is by statute made evidence of the compliance with such order, if filed in the probate office within seven months, was duly made and filed within the time limited by law. All this was matter of record in the probate office, long before any controversy arose upon this subject, and this exception was not taken at the trial, and no question arose then upon the fact of such notice having been given. Under these circumstances the averment actually contained in the declaration, that notices had been given in the manner directed by the judge of probate, was equivalent to an averment that notices had been posted. It was however defective in form, because the order was not recited or set out in the declaration. Under these circumstances the Court consider the defect as one of form only ; and therefore under the very broad power given to the Court by the Revised Statutes, (*c.* 100, § 22,) to amend before and after verdict, in all cases, where the justice of the case requires it, they are of opinion, that the amendment ought to be allowed. The amendment being made, the Court are of opinion that the motion in arrest of judgment is not supported, and must be overruled.

*Judgment on the verdict for the plaintiff.*